IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALVIN L. STRONG,

                         Plaintiff,

          v.                              CASE NO. 11-3090-SAC

ROGER WERHOLTZ, et al.,

                         Defendants.

MEMORANDUM AND ORDER

     This matter is a civil rights complaint filed pursuant to 42
U.S.C. § 1983.  Plaintiff, a prisoner in state custody, proceeds pro
se and seeks leave to proceed in forma pauperis.

*Motion to proceed in forma pauperis*

     The motion is governed by 28 U.S.C. § 1915(b). Pursuant to 28
U.S.C. § 1915(b)(1), the court must assess as an initial partial
filing fee twenty percent of the greater of the average monthly
deposits or average monthly balance in the prisoner's account for
the six months immediately preceding the date of filing of a civil
action.

     Having examined the records submitted by the plaintiff, the
court finds the average monthly deposit to his account is $9.75,
and the average monthly balance is $12.95. The court therefore
assesses an initial partial filing fee of $2.50, twenty percent of

the average monthly balance, rounded to the lower half dollar.[1]

*Motion to appoint counsel*

Plaintiff moves for the appointment of counsel (Doc. 3). A party in a civil action has no constitutional right to the assistance of counsel. *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. <u>Williams v. Meese</u>, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims. The court has considered the record and finds the appointment of counsel is not appropriate in this matter. The plaintiff's claims do not appear to present unusually complicated facts or issues, and, as set forth below in greater detail, the assertions in this matter do not appear to implicate constitutionally protected rights. Accordingly, the motion will be denied.

*Screening*

Because plaintiff is a prisoner seeking relief against governmental employees, the court is required to screen the complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C.

---

[1]

Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

§ 1915A(a) and (b).

Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), such a party's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). "[The] court ... will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997). Rather, plaintiff must allege "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

Plaintiff submitted a 13-page complaint and approximately 600 pages of supporting exhibits. He names 35 individual defendants and broadly claims that the complaint concerns events that began in July 2003, following the revocation of his conditional release, when he became the subject of "nonstop harassment and retali[a]tory actions" (Doc. 1, p. 5).

In Count 1, plaintiff asserts that he was subjected to retaliation after a special parole board hearing in February 2010. He states that afterwards, he was issued false disciplinary reports alleging theft and poor work performance and that he was later denied due process in hearings conducted on those reports.

Plaintiff also appears to allege a conspiracy among state corrections officials, a mental health agency, and Correct Care Solutions, Inc. to cause the denial of his release on parole.

In Count 2, plaintiff claims that he was denied due process and equal protection and subjected to cruel and unusual punishment. He complains that after the parole hearing in September 2010, he was subjected to an interrogation by two Shawnee County Police Detectives concerning the unsolved disappearance of a child. He claims the board retaliated in February 2011 by denying parole on new grounds of anger and hostility. Finally, he claims that in February 2011, the prison accounting director refused to comply with a court order to debit plaintiff's prison account for fees.

In Count 3, plaintiff requests injunctive and declaratory judgment on the ground that he was denied due process by parole procedures. He asserts the board has used the same reasons to deny his parole requests for approximately 15 years. He alleges secret testimony has been given against him, and he states that after his February 2010 hearing, he advised the board of his innocence, that he had been railroaded, and that he intended to seek counsel upon his release. He contends that after this, he was issued disciplinary reports in order to damage his changes for release.

The court has considered the plaintiff's claims and has examined the materials he submits in support of the complaint. Having conducted this review, the court finds this matter is subject to dismissal for failure to state a claim upon which relief may be granted. This conclusion rests on several grounds.

First, while plaintiff alleges retaliatory conduct and harassment, the materials before the court do not reasonably support these allegations. A claim for retaliation may not be based upon bare speculation. Rather, a plaintiff "must ... allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). Thus, the prisoner must "must prove that 'but for' the retaliatory motive, the incidents to which he refers ... would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (quoting *Smith v. Maschner,* 899 F.2d 940, 949-50 (10th Cir. 1990)).

Here, plaintiff's claim of retaliatory conduct arising following a parole hearing is not supported by any link between the disciplinary reports prepared by corrections staff and the hearing conducted by the state parole board. The materials concerning the administrative hearings conducted on the disciplinary reports do not show any relation to the parole hearing, nor does any of the material related to the hearings suggest that plaintiff did not receive appropriate due process. Rather, the allegation of theft arose from plaintiff's taking possession of a fan from the workplace that he believed had been discarded. The theft charge was reduced, and plaintiff was convicted of taking without permission (Ex. A, pp. 10-24). The work performance charge arose from allegations that plaintiff had left the work area and returned to his housing area without permission. After a hearing, plaintiff was found not guilty (*Id.*, pp. 73-79).

Likewise, plaintiff's allegation of a conspiracy is not

adequately supported. A claim of conspiracy must be based upon allegations of "specific facts and concerted action." *Hunt v. Bennett*, 17 F.3d 1253, 1522-68 (10th Cir. 1994). Neither the complaint nor the exhibits provide any viable support for this claim.

Next, to the extent plaintiff broadly alleges a denial of protected rights by his interrogation by police, he does not allege how this interfered with his rights or how he was harmed. The record shows that the warden's response to the plaintiff's subsequent grievance explained to plaintiff that "[w]hen an outside law enforcement agency requests to interview an inmate, the interview is scheduled and the inmate will attend the interview per K.A.R. 44-12-501. It is up to the inmate, however, whether or not he wishes to answer questions during the interview." (Ex. D, p. 116.) And while plaintiff appears to allege he suffered retaliation as a result of this interrogation, he does not adequately plead any link between the interrogation by police detectives and a denial of release by the parole board.

Finally, while the complaint asserts that the prison accounting manager failed to allow the payment of fees from his institutional account and that the deputy warden improperly refused to allow him free legal copies, the materials plaintiff supplies demonstrate the grounds for these actions.

First, the accounting manager notified plaintiff that his account had insufficient resources for the payments in question (Ex. D, p. 44). Next, the materials appended to the complaint show the

decision to deny legal copies was due to the fact that plaintiff was working with legal services. Plaintiff was advised that his attorney would provide materials necessary for court proceedings and that his request for personal copies would not be granted; finally, staff pointed out that although internal policy normally limits an inmate to $50.00 in indigent copies, plaintiff already had been granted $159.20 in indigent copies (Ex. C, pp. 83-92).

Finally, to the extent plaintiff challenges the denials of parole on procedural grounds, the court finds no arguable basis to allow the complain to proceed.

The relevant exhibits provided by the plaintiff reflect three decisions passing him for parole.

The first action notice, dated September 17, 2008 (Ex. D., p. 76) states:

> After considering all statutory factors, the decision of the Kansas Parole Board is: pass to October 2010. Recs: assessment for mental health needs including axis 1 diagnosis and follow all recommendations for treatment and care; participate in self help program; remain disciplinary report free. Pass reasons: two (2) times in prison; failure on parole; objections.

The second action notice, dated March 2, 2010 (Id., p. 74) states:

> ...No change in prior decision. Pass to October 2010. Recs: assessment for mental health needs including axis 1 diagnosis and follow all recommendations for treatment and care; participate in self help program; remain disciplinary report free. Pass reasons: history of criminal activities; three (3) times in prison; failure on parole; objections; inmates does not have a parole plan to meet his needs or to provide for public safety; the inmate has not demonstrated behavioral insights necessary to decrease his risk to re-offend; the inmate has not demonstrated insight(s) into his offense behavior; the

7

inmate continues to demonstrate high risk despite programmatic interventions to mitigate risk.

The third action notice is dated February 15, 2011 (Id., p. 66), and states:

...pass to October 2013. Recs: remain disciplinary report free; work with mental health to deal with issues of anger and hostility. Pass Reasons: serious nature/circumstance of crime; history of criminal activities; violent nature of crime; objections; disciplinary reports; the inmate has not demonstrated the ability to work on the areas needed to reduce his risk to re-offend; the inmate has not demonstrated behavioral insights necessary to decrease his risk to re-offend; the inmate has not demonstrated insight(s) into his offense behavior; inmate has indicated a pattern of behavior indicative of increase risk to re-offend.

Plaintiff's allegations do not state a claim for relief.

"The Due Process Clause applies when government action deprives a person of liberty or property." Malek v. Haun, 26 F.3d 1013, 1015 (10th Cir. 1994)(quoting *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 7 (1979)). A liberty interest must arise from some constitutional or statutory provision. *Id.*

The Constitution does not provide any right to parole from a valid sentence. *Id.* Likewise, it is well-settled that no such liberty interest arises from Kansas law. "[T]he Kansas parole statute does not give rise to a liberty interest when the matter before the Board is the granting or denial of parole to one in custody. Parole, like probation, is a matter of grace in this state. It is granted as a privilege and not as a matter of fundamental right." *Gilmore v. Kan. Parole Bd.,* 756 P.2d 410, 414 (Kan. 1988).

Thus, plaintiff's vague procedural challenge to the decision

of the Kansas Parole Board does not present a constitutional claim. Likewise, the court has found no support for plaintiff's assertions of retaliatory conduct or other misconduct related to the denial of parole.

In sum, the court's review of the complaint and exhibits does not reveal sufficient allegations to state a claim for relief. The court will allow plaintiff an opportunity to respond; however, such response shall be limited to five pages, and plaintiff shall not submit any additional exhibits.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before January 22, 2012, plaintiff shall submit an initial partial filing fee of $2.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED plaintiff is granted to and including January 22, 2012, to show cause why this matter should not be dismissed for the reasons set forth herein.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 3) is denied.

**IT IS SO ORDERED.**

DATED:  This 22nd day of December, 2011, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge