IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**CALVIN L. STRONG,**

        **Plaintiff,**

    v.                       CASE NO. 11-3090-SAC

**ROGER WERHOLTZ, et al.,**

        **Defendants.**


**MEMORANDUM AND ORDER**


    Plaintiff, a prisoner in state custody, brought this civil rights action pursuant to 42 U.S.C. § 1983. The initial complaint was 13 pages in length and had attachments of approximately 600 pages. The complaint named 35 individual defendants and chronicled events beginning in July 2003, following the revocation of plaintiff's conditional release.

    The court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and issued a memorandum and order directing plaintiff to submit an initial partial filing fee and to show cause why this matter should not be dismissed for reasons set forth therein. (Doc. 7). Plaintiff was advised that any objection to the initial partial filing fee must be submitted on or before the date payment was due.

    Thereafter, plaintiff filed a motion to alter and amend the complaint (Doc. 8). The motion, which essentially is an amended complaint on a form pleading, names 65 defendants and includes ten counts. However, plaintiff did not specifically address the deficiencies identified by the court's earlier order, nor did he

submit the partial filing fee or make any objection within the time granted. Accordingly, the court dismissed the matter without prejudice (Doc. 9).

The matter now comes before the court on plaintiff's motion for reconsideration and reinstatement (Doc. 11), motion for order to stay (Doc. 13), and motion for order to compel (Doc. 14). Also before the court is plaintiff's affidavit for disqualification (Doc. 15).

*The affidavit for disqualification*

Plaintiff's affidavit cites 28 U.S.C. § 455(a), and the court construes the affidavit as a motion for recusal based upon earlier rulings in this matter.

Under 28 U.S.C. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This standard is objective, and the initial question is whether there is a reasonable factual basis for calling into question the court's impartiality. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)(citations omitted). Adverse rulings by a judge are not a sufficient basis for disqualification. *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988)(citing *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976)).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id*.

Under case law in the Tenth Circuit, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v.*

*Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

The court has carefully reviewed the affidavit and finds the plaintiff has failed to present any plausible ground for recusal. While much of the affidavit simply reflects the rulings of the court, it also includes allegations, such as "the court joined with the original defendants with willful and reckless disregards for the plaintiff's right" (Doc. 15, p. 2), that are entirely unsupported. There is no reasonable basis for plaintiff's motion, and the court will not grant recusal.

*Motion for reconsideration and reinstatement*

Plaintiff's motion for reconsideration and reinstatement seeks relief from the dismissal of this matter on the ground that all of his prison earnings are garnished each month, leaving him with no means to pay the initial partial filing fee. He states that since May 2008, he has had difficulty with state officials concerning the processing of filing fees.

The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. *Van Skiver v. U.S.,* 952 F.2d 1241, 1243 (10th Cir. 1991). Such a motion, however, may be construed as a motion to alter or amend judgment under Rule 59(e) or a motion for relief from judgment under Rule 60.

Generally, three grounds may justify relief under such a motion, namely, (1) an intervening change in the controlling law, (2) evidence that was previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Relief is appropriate when the motion shows that the court "has misapprehended the facts, a party's position, or the controlling law." *Id*.

A motion to alter or amend judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed.R.Civ.P. 59(e). Plaintiff's motion was filed within nine days of the entry of judgment, and the court will construe the motion as filed pursuant to Rule 59(e).

Also before the court are plaintiff's motion to stay this matter (Doc. 13) and a motion for an order compelling the defendants to debit plaintiff's account (Doc. 14). The court has examined these motions together and has again reviewed plaintiff's proposed amended complaint (Doc. 8). After consideration, the court finds these motions should be denied.

First, the court finds the amendment proposed by the plaintiff is futile for essentially the reasons set forth by the court in its earlier order to show cause. Next, while the court recognizes that the in forma pauperis statute provides that a prisoner shall not be prohibited from bringing a civil action for the reason the prisoner has no assets, *see* 28 U.S.C. § 1915(b)(4), even if plaintiff were granted the in forma pauperis status he seeks, the matter would be subject to summary dismissal. Finally, plaintiff has offered no explanation for his failure to file a timely objection or any other response to the court's order directing him to pay an initial partial filing fee. In sum, the court finds no intervening change in the law, no evidence that was previously unavailable, nor any manifest injustice that supports the plaintiff's motions.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's affidavit for disqualification (Doc. 15) is liberally construed as a motion for recusal and is denied.

IT IS FURTHER ORDERED plaintiff's motion for reconsideration and

reinstatement (Doc. 11), motion for order to stay court's order (Doc. 13) and motion for order compelling defendants to debit plaintiff's account (Doc. 14) are denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 13th day of March, 2013, at Topeka, Kansas.

        S/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge